IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LANORE H. CORLEY, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 4:11-cv-98 MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | |
| | : | |
| Respondent. | : | |

_____

**O R D E R**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, disability insurance benefits, and Supplemental Security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of

whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  20 C.F.R. § 404.1520, app. 1, pt. 404.  First, the Commissioner determines whether the claimant is working.  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d

3

629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.  **Whether the ALJ erred in determining Claimant's residual functional capacity.**

II. **Whether the ALJ erred in failing to consider the side effects of Claimant's medications.**

III. **Whether the ALJ erred in failing indicate the specific weight given to all of the evidence.**

## Administrative Proceedings

Claimant filed for benefits on September 18, 2008, alleging disability to work as of January 4, 2008. (Tr. 140-146.)  She alleged in her application that her disabling impairments were low back pain and impingement of the left shoulder.  (Tr. 190.)  The administrative law judge (ALJ) issued an unfavorable decision on December 30, 2010, and the Appeals Council denied her request for review.  (Tr. 8-26; 1-3.)  At the time of the ALJ's decision, Claimant was 54 years old.  (Tr. 140.)  Having exhausted her administrative remedies, Claimant filed the instant action for judicial review in a timely manner. 42 U.S.C. § 405(g).

## Statement of Facts and Evidence

Claimant testified before the ALJ that she worked as a dental assistant until December 2007.  (Tr. 56.)  The ALJ found that Claimant had not engaged in substantial gainful activity since September 10, 2007.  (Tr.10.)  The ALJ also found Claimant to

4

have the severe impairments of lumbar and cervical degenerative disc disease, left shoulder impingement and major depressive disorder. Nonsevere impairments of seizures, migraines, movement disorder, fibromyalgia and dementia were likewise found by the ALJ to be present in Claimant. (Tr. 11.) However, after considering each of Claimant's impairments individually as well as in combination, the ALJ determined that the Claimant had failed to prove that her impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 11.) A residual functional capacity assessment (RFC) by the ALJ established that Claimant retained the ability to perform a reduced range of light work according to the definition of the same in 20 C.F.R. § 416.967(b). Further restrictions were imposed by the ALJ limiting Claimant to lift and carry ten pounds and occasionally twenty pounds; sit six hours in an eight hour work day; stand/walk six hours in an eight hour work day; occasional use of foot controls; no climbing; occasional balancing; frequent reaching, occasionally overhead; no hazards and only simple tasks with simple instructions; occasional public contact in low demand and low stress settings in a stable work environment. (Tr. 14.) After making the finding that Claimant had the RFC to perform work with the added limitations described above, the ALJ took testimony from a vocational expert (hereinafter referred to as the "VE") to determine that jobs were available in the national economy which Claimant could still perform. (Tr. 25, 62-64.) Thus, after performing the complete five step sequential analysis, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 25-26.)

## DISCUSSION

**I.     Whether the ALJ erred in determining Claimant's residual functional capacity.**

Given that Claimant's entire brief is a mere three and a half pages in length, there is a paucity of development of the record in this case by Claimant. However, the first argument which Claimant characterizes as "The Treating Physician's Rule, etc." (Cl.'s Br. 1; ECF No. 9) appears to be based on her contention that the medical opinions rendered in her case by her "Board Certified treating physician" were not adequately accounted for in the decision by the ALJ to deny her benefits nor adequately addressed in his determination of her RFC and additional limitations. (Cl.'s Br. 2.) This argument is unavailing.

The treating physician, Dr. Grace Chin-Yut, examined Claimant on September 8, 2010, and Oct 5, 2010. (Tr. 658-65.) The doctor's treatment notes describe Claimant as having an abnormal toe/heel walk but without complaint of pain and having normal posture with a lumbosacral spine which was normal to palpitation. Decreased bilateral strength was found in both the upper and lower extremities. (Tr. 670-674.) Additionally, an August 20, 2010, report by the registered nurse assigned to see Claimant notes no pain complaint and this report was reviewed and signed by Dr. Chin-Yut (Tr.689). Although Dr. Chin-Yut stated in a Physical Capacities Evaluation completed on October 25, 2010, that Claimant could lift no more than five pounds and would be required to rest three to four hours in an eight hour day, this opinion was based on only two complete clinical

6

examinations of Claimant and no more than two reviews of further clinical notations made by a nurse and laboratory.  While in her brief Claimant characterizes Dr. Chin-Yut as her "long time treating Board Certified physician" (Cl.'s Br. 2) the record on careful review reveals only these two complete examinations by this particular doctor in a period of less than a month and other clinical examinations by different physicians at The Medical Center Outpatient Clinic.  (Tr. 666-708.)  In giving the opinion by Dr. Chin-Yut little weight the ALJ gave as her reason that the opinion was not supported by the overall medical evidence of record.  (Tr. 24).

     The Commissioner argues with merit in his brief that the rules applicable to the testimony and opinions of a treating physician contemplate the consideration of the duration of the physician-patient relationship and a determination of the weight to be afforded to a treating physician in light of the longitudinal record as a whole.  *See* 20 C.F.R. § 416.927(d).  Although Claimant cites to four specific portions of the record which recount symptoms of reported pain and objective evidence of cervical spondylosis as indicated by MRI results of September 24, 2009, and January 4, 2010, as well as several clinical observations by "various physicians" of the Claimant "shaking" (Cl.'s Br. 3), she does not further articulate how this evidence was not taken into account by the ALJ or was improperly weighed.  Indeed, the ALJ exhaustively reviewed and discussed at length the record as to at least nine individual physicians from whom Claimant sought care or to whom Claimant was referred by her attorney and two consultative examiners as well. (Tr.15-22.)  The determination by the ALJ that the Claimant has an RFC which

7

permits her to work at substantial gainful activity with certain added limitations is well supported by the medical evidence of record.

## II. Whether the ALJ erred in failing to consider the side effects of Claimant's medications.

Claimant next contends that the ALJ failed to properly consider the side effects of her medication. (Cl.'s Br. 4.) In support of her contention that her medication has adverse side effects of drowsiness and lack of concentration, she points to a single clinical notation made by Dr. Chin-Yut on October 25, 2010. (Tr. 733.) No other reference to the record is made by Claimant as to complaints made by her to any treating physician that the medications prescribed had side effects which impair her ability to work. At the hearing, in response to a question posed to her by the ALJ, Claimant testified that the medications "make[] me very groggy, hard to focus." (Tr. 48.) Claimant asserts here that the ALJ had a duty to make findings regarding the side effects of her medications. (Cl.'s Br. 4.)

It should be noted that the Claimant was represented by counsel in the hearing before the ALJ, and she has not challenged the qualifications of her attorney as her representative. Therefore, there is no special duty imposed on the ALJ to develop the record as there is in cases of unrepresented claimants. *Ellison v. Barnhart,* 355 F.3d 1272, 1276. (11th Cir. 2003). In his examination of the Claimant at the hearing, counsel inquired about Claimant's leg tremors, to which she responded "[w]hen I take my medicine, go to bed, and I elevate my legs above my heart . . . if I take my medicine it

8

knocks me out for the night." (Tr. 55.) A review of the record as a whole shows only an isolated clinical annotation about sleepiness/lack of concentration as an adverse side effect of medication. Although an ALJ is required to consider Claimant's subjective accounts of adverse effects of medication, there must be adequate documentation of the side effects in the medical evidence to warrant reversal or remand. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (explaining that the mere assertion of a side effect by the claimant, without supporting evidence of concerns regarding side effects by treating doctors, does not require the ALJ to include side effect restrictions in a RFC). Without further explanation of how the medicines impaired her ability to work, the Claimant has failed to carry her burden of proving that she is disabled to work due to the side effects of medication. (*Id.*) Thus, no error is found as to the ALJ's failure to discuss the side effects of Claimant's medications.

**III. Whether the ALJ erred in failing indicate the specific weight given to all of the evidence.**

Claimant, in her third and final contention, asserts that the ALJ failed to properly indicate the specific weight given to all the evidence. (Cl.'s Br. 4.) In support of this argument, Claimant merely cites the ALJ's written "unfavorable" decision as a whole (Tr. 8-26) without reference to any of the particular portions of that decision. (*Id.*). Reviewed as a whole, the decision carefully and completely discusses the longitudinal record of Claimant's care and treatment by all the physicians with whom she reports contact, individually and by name, as well as the consultative examiners. Specific weight

9

is assigned to the opinions and conclusions drawn by the health care providers and the reasons therefore are provided. Therefore, Claimant's third contention lacks merit.

## CONCLUSION

WHEREFORE, it is hereby ordered that the decision of the Commissioner be **AFFIRMED**.

SO ORDERED, this the 28th day of June, 2012.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE